UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAMELA S. PADDING, individually and on behalf of the Pamela S. Padding Irrevocable Trust and Pamela S. Padding IRAs, <br>     Plaintiff, <br><br> vs. <br><br> QUESTAR CAPITAL CORPORATION and KIRK JAY DANIELS, <br>     Defendant. | ) ) ) ) ) ) ) ) ) ) ) | 1:11-cv-0640-JMS-DML |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS IN PART, CONVERTING REMAINDER TO A JOINT MOTION FOR A MORE DEFINITE STATEMENT AND GRANTING SAME**

On October 24, 2011, the parties appeared in open court by counsel for purposes of oral argument on two pending motions to dismiss, one each filed by the two defendants respectively. Within the briefing of those two motions, much of the debate centered around the issue of whether or not there was a subject matter overlap between this lawsuit and a contemporaneous arbitration pending before the Financial Industry Regulatory Authority ("FINRA"). During the course of that briefing, Plaintiff agreed to drop two of the nine counts from her First Amended Complaint and the parties indicated a near agreement on what particular "transactions" would be the subject of the claims asserted in this lawsuit and what transactions would remain the subject of the FINRA arbitration. The gap associated with that near agreement was closed during the course of

the oral argument, when counsel for the three parties reached an agreement that Plaintiff's "Non-FINRA Claims" should be the subject matter of this lawsuit and that those claims can be defined as those which arise out of the following purchase transactions:

1. Allianz EIA Master Dex 5 Annuity, Account NO. 70107585 (an annuity purchased on or about June 14, 2004);
2. Atlas America Series 25-2004B (a partnership interest purchased on or about June 14, 2004);
3. Black Diamond Energy Partners 2004A (a partnership interest purchased on or about June 14, 2004);
4. Security Benefit Life Annuity, contract No. 2030014669 (an annuity purchased on or about June 24, 2004);
5. Security Benefit Life Annuity, contract No. 2030014667 (an annuity purchased on or about August 4, 2004);
6. Security Benefit Life Annuity, contract No. 2030014668 (an annuity purchased on or about June 24, 2004);
7. Allianz Gendex Policy No. 60004329 (a life insurance policy purchased on or about November 16, 2004);
8. Allianz Ten-Year Term Life Insurance Policy, Policy No. 60004330 (purchased on or about November 16, 2004).

With the lawsuit's subject matter agreed to by the parties, the Court examined the remaining issues raised in the motions to dismiss (which are nearly identical). One of those issues is readily determined, that being the issue of whether Plaintiff's claim under the Michigan Securities Act is time barred as a matter of law due to the application of Mich. Comp. Laws § 451.2509(10). That provision is a statute of repose that states that a claim under the Michigan Securities Act, such as the one raised by Plaintiff in this case, must be brought "within the earlier of 2 years after discovery of the facts constituting the violation or 5 years after the violation occurred."

Generally speaking, statutes of limitations are subject to equitable tolling, while statutes of repose are not. *Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1048-49 (9th Cir. 2008). Contrary to ordinary statutes of limitations, statutes of repose are designed to serve as a deadline or cut-off. In such cases, tolling principles do not apply. State and federal courts in Michigan have applied the statute of repose to bar state law securities claims made more than five years after the alleged violation. *Pukke v. Hyman Lippitt, P.C.*, 2006 WL 1540781 (Mich. App. June 6, 2006); *Adams v. Hyman Lippitt, P.C.*, 2005 WL 3556196 (E.D. Mich. Dec. 29, 2005).

The "earlier of" the two dates contained in the statute can be no later than November 16, 2009, the date of the last relevant transaction. Accordingly, this Court will apply Michigan's statute of repose and dismiss, with prejudice, Plaintiff's claim for violation of the Michigan Securities Act, Mich. Comp. Laws § 451.2509(10), with respect to all transactions at issue herein.

As to the remainder of the issues raised in the Defendants' motions to dismiss, for the most part they turn on the lack of clarity in the Plaintiff's amended complaint. This, combined with the parties' own initial misunderstandings regarding which transactions they had intended to resolve through the arbitration and which were included within this lawsuit, causes the Court to conclude that a more explicit statement regarding the causes of action and their application to the transactions at issue is needed. Accordingly, the Court converts the remainder of the two motions to dismiss (Docket #16 & Docket #22)

to a joint motion for a more definite statement consistent with the provisions of Fed.R.Civ.P. 12(e), and grants that motion. *See generally, Tompkins v. Women's Cmty., Inc.*, 203 Fed. Appx. 743, 745 (7th Cir. 2006) ("The district court is free to require particulars under Fed. R. Civ. P. 12(e) or in response to a motion for summary judgment. But dismissal under Rule 12(b)(6) was inappropriate while it remains possible for plaintiff to establish facts that would support relief.").

Plaintiff is ordered to file a Second Amended Complaint within thirty days of the entry of this Order. Plaintiff is instructed to be mindful of her obligations under Fed. R. Civ. P. 9(b) to provide a greater level of particularity with respect to any factual allegations that she intends as the foundation for fraud based claims, as this Court's conversion of the Defendants' two motions to dismiss is without prejudice to further motions pursuant to Rules 9(b) and 12(b) in response to the Second Amended Complaint.

10/26/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Copies to:

David A. Baugh
BAUGH DALTON CARLSON & RYAN LLC
dbaugh@baughdaltonlaw.com

Thomas K. Caldwell
MADDOX HARGETT & CARUSO, PC
tkcaldwell@mhclaw.com

Mark E. Maddox
MADDOX HARGETT & CARUSO, PC
mmaddox@mhclaw.com

Robert L. Schnell Jr
FAEGRE & BENSON
rschnell@faegre.com

Leif T. Simonson
FAEGRE & BENSON, LLP
lsimonson@faegre.com

Paul A. Wolfla
BAKER & DANIELS - Indianapolis
paul.wolfla@bakerd.com